## Commonwealth v. Dominick

C.P. of Lawrence County, No. 13 CR 2273

*Eugene M. Talerico, Jr., William J. Fisher, Brian J. Gallagher* and *Jamie L. Davis*, for Commonwealth.

*Bernard J. Brown*, for defendant.

NEALON, *J.*, Nov. 3, 2014—In this murder case in which defendant's post-trial motion and post-sentence motion are currently pending, Bernard J. Brown, Esquire ("Brown"), has filed a "motion to withdraw as counsel" for defendant, Jason Dominick ("Dominick"). The Commonwealth has filed an answer and brief in opposition to the motion to withdraw, and an evidentiary hearing was conducted on November 3, 2014. The motion to withdraw is now ripe for disposition.

By way of relevant background, Dominick was arrested on August 2, 2013, in connection with the murder of Frank Bonacci. Dominick originally retained Brown to represent him, but following the preliminary hearing on October 11, 2013, and October 15, 2013, Dominick and his family failed to pay Brown in accordance with their fee agreement. *See Com. v. Dominick*, 2014 WL 222859, at *1 (Lacka. Co. 2014). In light of Dominick's indigency, he filed an in forma pauperis petition seeking the appointment of Brown as his counsel pursuant to Pa.R.Crim.P 123, and by order dated January 21, 2014, Dominick's request was granted and Brown was appointed to represent him in this matter. *Id.* at *3. On May 10, 2014, a jury found Dominick not guilty of first-degree murder and criminal conspiracy to commit first-degree murder, but guilty of third-degree murder and criminal conspiracy to commit third-degree murder. (Transcript of proceedings on 5/10/14 at pp. 14-19). On August 1, 2014, Dominick was sentenced to an aggregate sentence of 40 years to 80 years incarceration, and on August 11, 2014, Brown filed a timely post-trial

motion on Dominick's behalf. Subsequent to the filing of Dominick's post-trial motion and post-sentence motion, Brown filed the instant motion to withdraw.

Brown's motion to withdraw is premised upon "a pre-sentence submission" dated May 27, 2014, in which a friend of the Dominick family forwarded a letter to the undersigned requesting leniency in the sentencing of Dominick, and voicing criticism of Brown's representation of Dominick at trial. (Motion to withdraw as counsel at 17). Brown requests "that he be relieved of his duty to appear as counsel" for Dominick "so that [Dominick] can have this case proceed forward to the appellate level, accordingly." (*Id.* at ¶¶6, 8). At the hearing on November 3, 2014, Brown advocated the appointment of new counsel for Dominick so that a "fresh set of eyes" could review the trial record for purposes of appeal.

In opposing Brown's motion, the Commonwealth notes that the pre-sentence letter that was authored by a Dominick family friend "was not adopted or sanctioned by [Dominick], nor is there any evidence of record that demonstrates an irretrievable breakdown in the relationship between [Brown] and [Dominick]." (Commonwealth's brief in opposition at p. 1). The Commonwealth argues that "there are significant reasons to retain Attorney Brown as appellate and post-sentence counsel" since he "is well versed in the factual background of this case" and "has a significant command of the issues presented both at trial and on appeal as evidenced by his post-trial motion and supporting brief." (*Id.* at p. 2). Additionally, the Commonwealth notes that "Brown throughout the proceedings has demonstrated that he has a mutually respectful relationship with [Dominick]." (*Id.*).

During the hearing on November 3, 2014, Dominick advised the court that he has been satisfied with Brown's legal representation of him in this case. Dominick also denied that there has been any disagreement or breakdown of communications between Dominick and Brown. It also bears noting that although the Commonwealth charged Dominick as the shooter and his co-defendant, Neil Pal ("Pal"), as Dominick's accomplice, *see Com. v. Pal*, 2014 WL 1978623 (Lacka. Co. 2014), separate juries convicted Pal of first-degree murder and conspiracy to commit first-degree murder, whereas Dominick was acquitted of those same offenses. (*See* transcript of proceedings in *Com. v. Pal*, No. 13 CR 2269, dated 6/12/14 at pp. 202-203). Finally, to date, Dominick has not made any allegation of ineffective assistance of counsel by Brown.

Although an indigent defendant has the right to the appointment of counsel at no cost, [s]he does not have the right to free counsel of his or her choice. *Com. v. Philistin*, 617 Pa. 358, 384, 53 A.3d 1, 16 (2002); *Com. v. Johnson*, 428 Pa. 210, 213, 236 A.2d 805, 807 (1968). Under Rule 122(C), "[a] motion for change of counsel by a defendant for whom counsel has been appointed shall not be granted except for substantial reasons." Pa.R.Crim.P. 122(C). "To satisfy this standard, a defendant must demonstrate that he has an irreconcilable difference with counsel that precludes counsel from representing him." *Com. v. Keaton*, 615 Pa. 675, 709-710, 45 A.3d 1050, 1070-1071 (2012) (finding no abuse of discretion in denying request for new counsel since the trial court concluded "although Keaton and trial counsel obviously disliked working together, [citation omitted], there was no reason counsel was incapable of zealously representing Keaton."). Our appellate courts have reasoned "that 'substantial reasons'

or 'irreconcilable differences' warranting appointment of new counsel are not established where the defendant merely alleges a strained relationship with counsel, where there is a difference of opinion in trial strategy, where the defendant lacks confidence in counsel's ability, or where there is brevity of pre-trial communications." *Com. v. Floyd*, 937 A.2d 494, 497 (Pa. Super. 2007).

In the case *sub judice*, there is no evidence that irreconcilable differences exist between Brown and Dominick, which render Brown unable to zealously represent Dominick in post-trial proceedings and on appeal. To the contrary, Dominick has stated on the record that he is satisfied with Brown's representation, and that there has never been any breakdown in communication between them. Nor has Dominick raised any claims of ineffectiveness by Brown so as to warrant the appointment of substitute counsel to pursue an ineffective assistance of counsel claim in this matter. *Compare Com. v. Chmiel*, 2003 WL 25287182, at *3, 81 (Lacka. Co. 2003), *aff'd*, 585 Pa. 547, 889 A.2d 501 (2005), *cert denied*, 549 U.S. 848 (2006). Consequently, based upon the record and materials submitted for review, "substantial reasons" do not exist for allowing a change of counsel under Pa.R.Crim.P. 122(C), and Brown's motion to withdraw as counsel will therefore be denied.

And now, this 3rd day of November, 2014, upon consideration of the "motion to withdraw as counsel" filed by Bernard J. Brown, Esquire, the Commonwealth's response thereto and the evidence introduced during the hearing on November 3, 2014, and based upon the reasoning set forth above, it is hereby ordered and decreed that the "motion to withdraw as counsel" is denied.